Successors of Santos Alonso, Ltd., Appellants, *v.* Registrar of San Juan, Respondent.

### Appeal from a Decision of the Registrar of Property Refusing to Record a Mortgage.

#### No. 395.—Decided December 23, 1918.

Record of Title — Conjugal Partnership — Community Property — Separate Property.—Under section 1319 of the Civil Code, a lot acquired by one of the spouses before marriage ceased to be separate property and became merged in the community property when, after the marriage, the conjugal partnership constructed a building thereon, and the special recording of the building is not necessary in order to record a mortgage created by both spouses on the house and lot.

The facts are stated in the opinion.

*Mr. Francisco Soto Gras* for the appellants.

The respondent did not appear.

Mr. Chief Justice Hernández delivered the opinion of the court.

By an instrument executed before Notary Francisco Soto Gras in the city of San Juan on August 29, 1918, the spouses Gerardo Medina Casanova and Catalina Secundina Ríos mortgaged to Successors of Santos Alonso, Limited, a house and lot situated in the ward of Santurce to secure the payment of $900 which the said firm advanced to the said spouses as a loan. Gerardo Medina Casanova had acquired the lot before being married to Catalina Secundina Ríos and after the marriage the house was acquired with the money of the conjugal partnership.

The instrument having been presented in the registry of property for record, the registrar endorsed thereon the following decision:

"The mortgage created by this document is recorded only as to the lot, on the reverse side of page 109, Vol. 3, of South Santurce, property No. 100, record 2, and the record is denied as to the house; for as it is shown to belong to the conjugal partnership, a personality different from that of the husband who owns the land, the said house

should first be recorded in the name of said conjugal partnership, and this has not been done nor sought. In lieu thereof a cautionary notice is entered, etc.''

That decision is submitted to this court by virtue of an administrative appeal taken by the creditor firm.

The decision appealed from shows on its face that it is based on the fact that the house and lot belong to two different entities, the lot belonging to the husband, Medina Casanova, and the house built thereon to the conjugal partnership composed of him and his wife, Catalina Secundina Ríos.

There is no dual ownership of the ground and building, for section 1319 of the Civil Code provides that buildings constructed during the marriage, on land belonging to one of the spouses, shall belong to the partnership, but the value of the land shall be paid to the spouse owning the same.

The lot in question was, in fact, the separate property of Gerardo Medina Casanova, acquired before his marriage to Catalina Secundina Ríos, but it ceased to be such and was converted into community property when after the marriage the conjugal partnership built the house on it. *Matheu* v. *Murillo et al.*, 25 P. R. R. 304.

As the mortgaged house and lot now belong to one and the same owner, that is, to the conjugal partnership Medina-Ríos, the previous recording of the house is not necessary. *A. Sánchez & Co. Ltd.* v. *Registrar of Property*, 16 P. R. R. 419; *Marcano* v. *Registrar of Property*, 20 P. R. R. 527; *Martín et al.* v. *Registrar of Arecibo*, 22 P. R. R. 139.

For the foregoing reasons the decision of the registrar of San Juan, Section 1, should be reversed as to the part appealed from and the record ordered as requested.

*Reversed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.